## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| WILLIS BAIRD, # K-81582, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 14-cv-1065-JPG |
| | ) | |
| JAMES BERRY, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff Willis Baird, currently incarcerated at Lawrence Correctional Center

("Lawrence"), brings this *pro se* civil rights action for deprivations of his constitutional rights

pursuant to 42 U.S.C. § 1983.[1]

Plaintiff claims that during a disciplinary hearing on October 7, 2012, Defendant Berry (a

correctional officer) violated Illinois Department of Corrections ("IDOC") policy by questioning

Plaintiff about the charges and reprimanding Plaintiff. (Doc. 1, p. 7).  When Plaintiff protested

the policy violation, Defendant Berry began cursing and verbally abusing Plaintiff.  After the

hearing, Defendant Berry followed Plaintiff to his cell and yelled, "Now lock the f**k up Boy."

*Id.* at 8.  Defendant Berry then slammed the cell door into Plaintiff's back, causing Plaintiff to

fall into the bed frame and strain his lower back as he turned around to avoid being hit by the

door in the face.  *Id.* at 9.

---

[1] At the outset, the Court notes that Plaintiff asserted identical claims against Defendant Berry in a prior action
before this Court.  *See Baird v. Berry,* 13-CV-826-JPG (S.D.Ill.) (filed September 12, 2013).  That case was
dismissed without prejudice on August 7, 2014 for Plaintiff's failure to pay the initial filing fee. *Baird v. Berry,* 13-
CV-826-JPG (S.D.Ill.) (Doc. 19).  Because the claims against Defendant Berry in that case were dismissed without
prejudice – and not on the merits – Plaintiff may proceed on those claims in the present action.

Plaintiff asked Defendant Berry for medical help for his back injury, but Defendant Berry slammed the door again and walked away stating, "You shouldn't have been in the f\*\*king way." *Id*. at 10.  Another officer responded about five minutes later, after Plaintiff pushed the emergency call button, and took Plaintiff to the Health Care unit.  *Id*. Plaintiff reported Defendant Berry's actions to a nurse.  In retaliation for Plaintiff's complaint to the nurse, Defendant Berry filed a false disciplinary report, accusing Plaintiff of assaulting him and of insolence. *Id*. at 11.  The false disciplinary report was eventually expunged from Plaintiff's record, but not before Plaintiff spent 26 days in segregation. *Id*. at 12.

Plaintiff seeks compensatory and punitive damages.

## Merits Review Pursuant to 28 U.S.C. § 1915A

Under § 1915A, the Court is required to conduct a prompt threshold review of the complaint, and to dismiss any claims that are frivolous, malicious, fail to state a claim on which relief may be granted, or seek monetary relief from an immune defendant.

Accepting Plaintiff's allegations as true, as the Court must do at this preliminary stage, the Court finds that Plaintiff has articulated the following colorable federal causes of action against Defendant Berry:

**Count 1:**  Eighth Amendment excessive force claim, for slamming the cell door into Plaintiff;

**Count 2:**  Eighth Amendment claim for deliberate indifference to Plaintiff's need for medical attention after injuring him with the cell door;

**Count 3:**  First Amendment retaliation claim for bringing false disciplinary charges against Plaintiff after Plaintiff complained about the actions in Counts 1 and 2.

## Disposition

**IT IS HEREBY ORDERED** that Plaintiff's Eighth and First Amendment claims against

Defendant **BERRY** shall proceed.

The Clerk of Court shall prepare for Defendant **BERRY**:  (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons).  The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to Defendant's place of employment as identified by Plaintiff.  If Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on Defendant, and the Court will require Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If the Defendant cannot be found at the address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address.  This information shall be used only for sending the forms as directed above or for formally effecting service.  Any documentation of the address shall be retained only by the Clerk.  Address information shall not be maintained in the court file, nor disclosed by the Clerk.

Plaintiff shall serve upon Defendant (or upon defense counsel once an appearance is entered), a copy of every further pleading or other document submitted for consideration by the Court.  Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of any document was served on Defendant or counsel.  Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendant is **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to a United States

Magistrate Judge for further pre-trial proceedings.

Further, this entire matter shall be **REFERRED** to a United States Magistrate Judge for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted.  *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against Plaintiff and remit the balance to Plaintiff. Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts.  This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs.  Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.  *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: October 27, 2014**

*s/J. Phil Gilbert*
United States District Judge